798 So.2d 1182 (2001)
STATE of Louisiana
v.
Julie LOGO.
No. 2001-K-1630.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2001.
*1183 Harry F. Connick, District Attorney of Orleans Parish, Amanda Masset, Assistant District Attorney, New Orleans, LA, Counsel for Relator.
Donald Sauviac, Jr., Special Assistant Public Defender, Orleans Indigent Defender Program, New Orleans, LA, Counsel for Respondent.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, and Judge MAX N. TOBIAS, JR.
Judge MAX N. TOBIAS, JR.
The trial court granted a motion to suppress the evidence filed by the defendant-respondent, Julie M. Logo. From that decision, the State of Louisiana seeks supervisory writs. For the following reasons we grant the writ, reverse the judgment, vacate the stay, and remand the matter for further proceedings.
Ms. Logo and her boyfriend or husband (the record before us being unclear on the point) were passengers on a Carnival Cruise Line ship which docked at the Julia Street wharf of the Port of New Orleans following a cruise in the Gulf of Mexico/Carribean. They occupied the same cabin during the cruise.
U.S. Customs Service officials had been informed by the ship's security officer, prior to the docking, that Ms. Logo's cabin companion had had a small quantity of marijuana confiscated from him while on the ship; at the time the marijuana was confiscated, the ship was outside U.S. waters. The U.S. Customs agents boarded the ship, accompanied by New Orleans Harbor Police Department officers. The agents were in the process of imposing a fine on Ms. Logo's companion when they conducted a border search of the cabin. During the search the agents found numerous pills inside Ms. Logo's luggage. The agents turned the respondent over to the police officers who arrested her for a narcotics violation.
Ms. Logo was charged by a bill of information with possession of diazepam, possession of dextropropoxyphene, and possession of alprazolam, violations of La. R.S. 40:969(C). She entered pleas of not guilty and filed motions to suppress the evidence. Following a hearing, the trial court granted the motion to suppress. From the granting of the motion, the relator, State of Louisiana has timely sought supervisory writs.
Under federal law and jurisprudence, U.S. Customs agents need only reasonable suspicion, as opposed to probable cause, to conduct a border search of the cabin of a passenger on a cruise ship. United States v. Cardenas, 9 F.3d 1139 (5th Cir.1993). A border search is explained by 19 U.S.C. 482; no warrant or probable cause is required, but certain limitations, *1184 none of which are present here, apply. No reason exists "why the limited forces of the Customs Service, Border Patrol, Immigration Officers, and similarly designated officials cannot enlist the aid of other forces in forming a task force sufficient to meet their needs." United States v. Alfonso, 759 F.2d 728, 735 (9th Cir. 1985).
Because the cruise ship docked in New Orleans after being in foreign ports, U.S. Customs agents had authority to conduct a border search of the vessel without probable cause or search warrant or without reasonable suspicion. The agents, however, required more than naked suspicion to search a passenger's cabin. In this case, the agents had reasonable suspicion to search the cabin that respondent occupied. That reasonable suspicion was based upon the information provided by the ship's personnel that marijuana had been confiscated from the male passenger sharing Ms. Logo's cabin. The agents were also permitted to have other law enforcement authorities present to assist them; in this case, those other authorities consisted of the Harbor Police officers. When the agents, who are authorized by federal law to conduct a border search, found the contraband, the seizure of same and the arrest by the Harbor Police officers was authorized and proper.
We have examined the case of United States v. Smith, 2000 WL 1838708 (E.D.La.2000), cited by respondent in support of her argument that the trial court correctly granted the motion to suppress. We find the case and the jurisprudence therein support this court's ruling in this case because the facts are distinguishable. In the case at bar, the U.S. Customs agents had reasonable suspicion to conduct the search of the cabin of Ms. Logo and her companion.
For the foregoing reasons, the supervisory writ is granted. The judgment of the trial court granting the motion to suppress is reversed and the stay of the trial of this matter issued by this court on 4 September 2001 is vacated. The matter is remanded for further proceedings in accordance with law.
SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; STAY VACATED; REMANDED.